UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| NICOLAS BERNARDO MARTINEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, REID D. MUATAUGH, )<br>and DONALD DANIEL, )<br>)<br>Defendants. ) | CAUSE NO. 4:13-CV-015 PS |

## OPINION AND ORDER

Nicolas Bernardo Martinez, a *pro se* prisoner, is suing Prosecuting Attorney Reid D. Muataugh because he filed a petition to revoke his probation and requested a bench warrant for his arrest. He is suing Judge Donald Daniel because he issued a warrant for his arrest, recalled the warrant, did not bring him to court or release him, and held a hearing without him.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Martinez alleges that Prosecuting Attorney Reid D. Muataugh did not investigate his case and prosecuted him based on false allegations. Nevertheless, "absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000)

(quotation marks and citation omitted). Therefore the claims against Prosecuting Attorney Reid D. Muataugh must be dismissed.

Martinez alleges that Judge Donald Daniel violated many of his Constitutional rights as a criminal defendant. Nevertheless, a judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Issuing warrants, scheduling hearings, conducting hearings, and ordering the confinement and release of inmates are all within the jurisdiction of State trial courts. Therefore, the claims against Judge Donald Daniel must be dismissed.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A because the defendants are immune from suit.

**SO ORDERED.**

ENTERED: March 11, 2013.                    s/ Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT